IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DERRICK SCOTT, 26724-044** )  | |
| Plaintiff, ) | |
| v. ) | No. 3:12-CV-3031-B |
| ) | |
| **CYNTHIA GODBOLD and JOHN O'BRIEN,** ) | |
| Defendants. ) | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.     BACKGROUND**

Plaintiff is a federal prisoner who has filed this complaint pursuant to *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971). He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Cynthia Godbold and John O'Brien, who are both employees at the Bureau of Prison's Designation and Sentence Computation Center in Grand Prairie, Texas.

Plaintiff argues Defendants have violated his equal protection rights. He states BOP employees at his prison recommended that he be transferred to a minimum security facility. He states Defendants have denied the transfer.

**II.     SCREENING**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may

be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

The Fifth Amendment imposes on the federal government the same standard required of state legislatures by the Equal Protection Clause of the Fourteenth Amendment. *Adarand Constructors, Inc*. v. 515 U.S. 200, 216-18 (1995). The Equal Protection Clause essentially mandates that all persons similarly situated be treated alike. *City of Cleburne v. Cleburne Living Ctr., Inc*., 473 U.S. 432 (1985). To state an equal protection claim, a plaintiff must show that a governmental actor intentionally discriminated against him because of membership in a protected class, or due to an irrational or arbitrary classification unrelated to a legitimate governmental objective. *Washington v. Davis*, 426 U.S. 229, 247-48 (1976).

In this case, Plaintiff does not allege he is a member of a protected class. Instead, he argues Defendants' decision to deny his transfer is arbitrary and irrational. He states he was initially denied a transfer because Defendants considered him a flight risk. He states he disputed this assessment and Defendants removed the flight risk assessment. He states that in April,

2012, Defendants denied him a transfer because there was no bed space at lower security facilities. Defendants also placed a population management variable on Plaintiff that prohibited him from being transferred to a lower security facility for one year. Plaintiff argues he was treated differently than other prisoners because some prisoners were transferred to a lower security prison in April, 2012. Plaintiff does admit, however, that at least one prisoner, prisoner Wegman, was denied a transfer to a lower security prison in May, 2012, due to the lack of bed space.

      To the extent Plaintiff argues his equal protection rights were violated when he was not transferred to a lower security prison due to the flight risk designation, he has failed to allege that other prisoners with flight risk designations were transferred to lower security facilities. To the extent Plaintiff argues his equal protection rights were violated when he was not transferred due to the lack of bed space, Plaintiff admits that at least one other inmate who was recommended for transfer by the prison was denied a transfer by Defendants due to the lack of bed space in the lower security facilities. Plaintiff has therefore failed to show he was treated differently than other similarly situated prisoners.

      Plaintiff also appears to argue that Defendants violated his equal protection rights when they placed a one-year population management variable on his transfer, but they did not place a one-year population management variable on prisoner Wegman. Plaintiff's conclusory statement regarding this one prisoner, however, is insufficient to state a claim that Defendants intentionally discriminated against him due to an irrational or arbitrary classification that is unrelated to a legitimate governmental interest.

**RECOMMENDATION**

The Court recommends that Plaintiff's complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Signed this 16th day of October, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).